THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
| | : | |
| __Portia A. Boulger,__ | : | Case No. __2:17-cv-186__ |
| Plaintiff(s) | : | District Judge: __Smtih__ |
| | : | Magistrate Judge: __Deavers__ |
| vs. | : | |
| | : | RULE 26(f) REPORT OF PARTIES |
| __James H. Woods,__ | : | (to be filed no fewer than seven (7) |
| Defendant(s). | : | days prior to the Rule 16 Conference) |
| | : | |

1. Pursuant to Fed.R.Civ.P.26(f), a meeting was held on __07/05/2017__ and was attended by:

**PLAINTIFFS:**  **DEFENDANT:**

Nathaniel Zachary West (0087805)  Patrick Kasson  (0055570)
511 West First Avenue, Unit 205  pkasson@reminger.com
Columbus, OH 43215  REMINGER CO., L.P.A.
Telephone:  (614) 208-0230  200 Civic Center Drive, Suite 800
 Columbus, OH 43215
Joseph E. Sandler (Pro Hac Vice)  Telephone (614) 232-2418
Sandler Reiff Lamb Rosenstein &  Facsimile (614) 232-2410
Birkenstock, PC  *Attorney for Defendant*
1025 Vermont Ave., N.W., Suite 300
Washington, D.C.  20005
Telephone:  (202) 479-1111
Facsimile:  (202) 479-1115

2. **Consent to Magistrate Judge.**  The parties:

    ____ unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant
    to 28 U.S.C. §636(c).

    _X_ do not unanimously consent to the jurisdiction of the United States Magistrate Judge
    pursuant to 28 U.S.C. §636(c).

3. **Initial Disclosures.**  The parties:

    ____ have exchanged the initial disclosures required by Rule 26(a)(1).

    ____ will exchange such disclosures by_____.

    ____ are exempt from such disclosures under Rule 26(a)(1)(E).

    _X_ have agreed not to make initial disclosures.

1

4. **Jurisdiction and Venue**

   a.   Describe any contested issues relating to: (1) subject matter jurisdiction, (2) personal Jurisdiction and/or (3) venue:

   <u>Defendant Woods has not been served.  In addition, Defendant Woods contests personal jurisdiction.  Plaintiff contends that Defendant has waived lack of personal jurisdiction and insufficient service by failing to include it in his Rule 12 Motion for Judgment on the Pleadings.</u>

   b.   Describe the discovery, if any, that will be necessary to the resolution of issues relation to Jurisdiction and venue:

   <u>None.</u>

   c.   Recommended date for filing motions addressing jurisdiction and/or venue:

   <u>The parties recommend that this be addressed after the Motion for Judgment on the Pleadings has been decided.</u>

5. **Amendments to Pleading and/or Joinder of Parties**

   a.   Recommended date for filing motion/stipulation to amend the pleadings or to add additional parties:  <u>08/01/2017</u>

   b.   If class action, recommended date for filing motion to certify the class: <u>                </u>

   <u>Not applicable.</u>

6. **Recommended Discovery Plan**

   a.   Describe the **subjects** on which discovery is to be sough and the nature and extent of discovery that each party will need:

   <u>The parties recommend the discovery be stayed pending a Decision on the Motion for Judgment on the Pleadings.  If the Plaintiff's win the Motion for Judgment on the Pleadings, the parties anticipate that discovery will be had on the Plaintiff's claims, the Plaintiff's damages and the Defendant's defenses.  The parties anticipate that each will take depositions of the parties, and possible third parties, and each party will produce documents to the other party relevant to claims and defenses.</u>

   b.   What **changes** should be made, if any, in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the local rules of this Court?

   <u>None, with the exception the parties recommend that discovery be stayed pending the Decision for the Motion for Judgment on the Pleadings.</u>

   c.   The case presents the following issues relating to disclosure or discovery of **Electronically stored information,** including the form or forms in which it should be produced:

None.

d.   The case presents the following issues relating to claims of **privilege or of protection as trial preparation materials:**

None.

     i.     Have the parties agreed on a procedure to assert claims **AFTER** production?

   X   No

       Yes

       Yes, and the parties ask that the Court include their agreement in an Order.

e.   Identify the discovery, if any, that can be **deferred** pending settlement discussion and/or Resolution of potentially dispositive motions:

The parties recommend that all discovery be stayed pending a Decision on the currently pending Motion for Judgment on the Pleadings.

f.   The parties recommend that discovery should proceed in **phases,** as follows:

If the Motion for Judgment on the Pleadings is denied, the parties do not recommend any phase discovery.

g.   Describe the areas in which **expert testimony** is expected and indicate whether each expert will be specially retained within the meaning of Fed.R.Civ.P.26(a)(2):

The Defendant may have expert witnesses such as an independent psychological examiner, an expert on media and internet content.  Plaintiff does not believe any issue relating to liability is the proper subject of expert testimony but reserves the right to designate rebuttal experts.

     i.     Recommended date for making **primary expert designations:**

The parties recommend staying setting dates, pending a resolution of the Motion for Judgment on the Pleadings.

     ii.     Recommended date for making **rebuttal expert designations:**

The parties recommend staying setting dates, pending a resolution of the Motion for Judgment on the Pleadings.

h.   Recommended discovery **completion date:**  The parties recommend staying setting dates, pending a resolution of the Motion for Judgment on the Pleadings.

7.   **Dispositive Motion(s)**

3

    a.   Recommended date for filing dispositive motions:  The parties recommend stating setting dates pending a resolution of the Motion for Judgment on the Pleadings.

8.  **Settlement Discussions**

    a.   Has a settlement demand been made?   No      A Response?   No

    b.   Date by which a settlement demand can be made:   09/01/2017

    c.   Date by which a response can be made:   10/01/2017

9.  **Settlement Week Referral**

The earliest Settlement Week referral reasonably likely to be product is the

_____   March 2017        Settlement Week

_____   June 2017        Settlement Week

_____   September 2017        Settlement Week

  X   December 2017        Settlement Week

10. **Other matters for the attention of the Court:**

None.

**Signatures:**

Attorney(s) for Plaintiff(s):                Attorney for Defendant(s):

Nathaniel Zachary West                /s/ Patrick Kasson
Ohio Bar# 0087805                    Ohio Bar#  0055570
Trial Attorney for Plaintiff               Trial Attorney for  Defendant

Joseph E. Sandler
Ohio Bar# Pro Hac Vice
Trial Attorney for Plaintiff