IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Portia A. Boulger, | : | |
| Plaintiff, | : | Case No. 2:17-cv-186 |
| v. | : | Judge George C. Smith |
| James H. Woods, | : | Magistrate Judge Elizabeth P. Deavers |
| Defendant. | : | |

**DEFENDANT JAMES H. WOODS' MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, MOTION FOR DISMISSAL**

Defendant James H. Woods ("Mr. Woods"), by and through the undersigned counsel, moves this Court under Rule 56 of the Federal Rules of Civil Procedure for an Order granting a summary judgment or, in the alternative, under Rule 12 of the Federal Rules of Civil Procedure, dismissing Plaintiff Portia A. Boulger's claims. The reasons in support of this Motion are more fully set forth in the attached Memorandum.

Respectfully submitted,

/s/ Patrick Kasson
Patrick Kasson (0055570)
Kari D. Hehmeyer (0096284)
**REMINGER CO., L.P.A.**
200 Civic Center Drive, Suite 800
Columbus, Ohio 43215
Phone: (614) 232-2418
Fax: (614) 232-2410
pkasson@reminger.com
khehmeyer@reminger.com
*Counsel for Defendant James H. Woods*

**MEMORANDUM IN SUPPORT**

**I.     PRELIMINARY STATEMENT**

Plaintiff has failed to properly serve Mr. Woods—despite having over five months to do so.  Without proper service upon Mr. Woods, this Court lacks personal jurisdiction over Mr. Woods.  As such, Plaintiff's claims against Mr. Woods must be dismissed.[1]

**II.    STATEMENT OF FACTS**

Plaintiff Portia A. Boulger ("Plaintiff") filed her Complaint against Defendant James H. Woods ("Mr. Woods") on March 3, 2017, alleging claims for defamation and false light/invasion of privacy stemming from a question Mr. Woods tweeted out to his various followers on March 12, 2016. (*See* Doc. #1, *generally*).  Unable to properly serve Mr. Woods, on June 1, 2017, Plaintiff filed a request for an extension of time to effect service. (*See* Doc. #4, *generally*).  This Court granted Plaintiff's request on June 6, 2017, and stated in its Order, "Plaintiff must effect service over Defendant **WITHIN SIXTY (60) DAYS OF THE DATE OF THIS ORDER.**" (Doc. #5, PageID 41).

---

[1] The Sixth Circuit has recognized that raising an insufficient service of process defense in a motion for summary judgment is "sufficient under the Rules" when the defense is asserted first in an answer, thus preserving it. *King v. Taylor*, 694 F.3d 650, 657 (6th Cir. 2012).  "Courts are split as to whether a Rule 12(b)(5) motion, which is commonly referred to as a 'pre-answer' motion, is the proper procedural vehicle for attacking service of process *after* an answer has been filed." *Moreno-Garcia Yakima Police Dept.*, No. CV-09-3123-EFS, 2010 WL 4386481, at *1 (E.D. Wash. Oct. 27, 2010).  However, "the lack of other pretrial procedures for raising an improper service defense suggests that post-answer Rule 12(b) motions should be permitted.  Rule 12(i) requires courts to hear and decide Rule 12(b)(1)–(7) defenses before trial, whether made in pleading or by motion." *Id.* at *2; Fed. R. Civ. P. 12(i).  As such, "a court will look past the label chosen by the movant and treat the motion as a request for a ruling on the defense" under Rule 12(i). *King*, 694 F.3d at 665, fn. 2; *see also Moreno-Garcia,* 2010 WL 4386481, at *2 (considering the motion under the Rule 12(b)(5) standard); *Sassower v. City of White Plains*, No. 89 Civ. 1267 (MJL), 1993 WL 378862, at *6 (S.D.N.Y. Sept. 24, 1993) ("if the defense of improper service is timely raised, the Court may treat the motion as a motion to dismiss under Rule 12 of the Federal Rules of Civil Procedure"); *Conley v. City of Minneapolis*, Civil No. 07-2379 (JRT/JJK), 2009 WL 1562756, at *3 (D. Minn. June 3, 2009) ("when the defense of service of process is timely raised in a defendant's answer, it is appropriate to deem the defendant's challenge to the insufficiency of service of process on summary judgment as an application for dismissal under Rule 12(d)"); *United States v. Marple Cmty. Record, Inc.*, 335 F. Supp. 95, 101 (D.C. Pa. 1971) (considering a defendant's motion for summary judgment on the ground of insufficient service of process).

Mr. Woods filed his Answer on June 7, 2017, asserting various defenses, including insufficiency of service of process and lack of personal jurisdiction. (Doc. #6, PageID 46–47). The Rule 26(f) report was filed on July 11, 2017, stating that Mr. Woods "has not been served," and that Mr. Woods "contests personal jurisdiction." (Doc. #12, PageID 127).  The parties also recommended this Court stay discovery and stay setting dates pending a resolution of Mr. Woods' Motion for Judgment on the Pleadings that was filed on June 7, 2017, after his Answer. (*See* Doc. #7, *generally*; Doc. #12, PageID 127–129).  This Court agreed, and ordered discovery in this case stayed. (Doc. # 15, PageID 150).  On August 5, 2017, the sixty day extension of time to effect service expired, and proper service has not been made upon Mr. Woods. (*See* Doc. #5, *generally*).

### III. LAW AND ARGUMENT

**A.   Mr. Woods Is Entitled To Dismissal Of Plaintiff's Defamation And False Light/Invasion Of Privacy Claims.**

**1.   Mr. Woods preserved his insufficient service of process and lack of personal jurisdiction defenses when he asserted both in his Answer.**

Rule 12 of the Federal Rules of Civil Procedure requires that certain defenses be raised in a party's first responsive filing, or else a party risks waiver of those defenses. *See* Fed. R. Civ. P. 12(b); 12(h)(1).  To preserve the defense of "insufficient service of process," a defendant need only assert the defense in his answer. *See King v. Taylor*, 694 F.3d 650, 657 (6th Cir. 2012) ("defendant was permitted under Rule 12(h) to preserve his service defense by including it in his answer, which he did"); *see also U.S. v. Ziegler Bolt and Parts Co.*, 111 F.3d 878, 880 (Fed. Cir. 1997) (defendant's assertion in his answer that the complaint was "barred because of insufficient service of process" was adequate to preserve the defense at the outset).  Likewise, "to preserve the defense of lack of personal jurisdiction, a defendant need only state the defense in its first

3

responsive filing." *King*, 694 F.3d at 657 (quoting *Mattel, Inc. v. Barbie-Club.com*, 310 F.3d 293, 307 (2d Cir. 2002)).

Here, Mr. Woods' first responsive filing was his Answer, in which he asserted the defenses of "insufficiency of service of process" and "lack of personal jurisdiction," among other defenses. (Doc. #6, PageID 46–47). Thus, because Mr. Woods asserted the defenses in his first responsive filing, both defenses are preserved.

### 2. Mr. Woods' filing of his Motion for Judgment on the Pleadings did not waive his insufficient service of process and lack of personal jurisdiction defenses.

To the extent that Plaintiff attempts to argue that Mr. Woods was required to raise all his defenses in his Rule 12(c) Motion for Judgment on the Pleadings, or else the defenses are waived, this argument lacks merit for two reasons. First, the waiver of Rule 12(b)(2)–(5) defenses— including insufficient service of process under Rule 12(b)(5) and lack of personal jurisdiction under Rule 12(b)(2)—only applies if 1) a party files a **pre-answer** motion to dismiss under Rule 12(b) that fails to raise any Rule 12(b)(2)–(5) defenses, or 2) a party does not file a **pre-answer** motion to dismiss under Rule 12(b) but then fails to raise the Rule 12(b)(2)–(5) defenses in its answer. *See* Fed. R. Civ. P. 12(h)(1)(A)–(B). Here, the first scenario does not apply because Mr. Woods did not file a **pre-answer** motion to dismiss, but rather filed a Rule 12(c) motion for judgment on the pleadings which, by definition, cannot be filed **pre-answer**. *See* Fed. R. Civ. P. 12(h)(1)(A); *see also* Fed. R. Civ. P. 12(c) (noting that "[a]fter the pleadings are closed . . . a party may move for judgment on the pleadings"). (*See* Doc. #7, *generally*). Likewise, the second scenario does not apply because, although Mr. Woods did not file a **pre-answer** motion to dismiss under Rule 12(b), he did raise his defenses in his Answer. *See* Fed. R. Civ. P. 12(h)(1)(B). (*See* Doc. #6, PageID 46–47). Thus, the waiver provisions under Rule 12(h)(1) do not apply.

Second, even assuming that Mr. Wood's Motion for Judgment on the Pleadings was subject to the waiver provisions of Rule 12(h)(1), "a party cannot be deemed to have waived . . . defenses which were not . . . available at the time they could first have been made." *Holzsager v. Valley Hospital*, 646 F.2d 792, 796 (2d Cir. 1981). Here, on June 6, 2017, Plaintiff was granted an additional sixty days to properly serve Mr. Woods, thus extending the time to effect service to August 5, 2017. (Doc. #5, PageID 41). On June 7, 2017, after Plaintiff's request was granted, Mr. Woods filed his Motion for Judgment on the Pleadings. (*See* Doc. #7, *generally*). At the time Mr. Woods filed his Motion for Judgment on the Pleadings, he could not have even raised—much less waived—his insufficient service of process and lack of personal jurisdiction defenses, as those defenses were not available to raise until after August 5, 2017. *See Holzsager*, 646 F.2d at 796. (Doc. #5, PageID 41). Rather, both defenses only became ripe for adjudication through a motion—at the earliest—on August 6, 2017, when the additional sixty days to properly serve Mr. Woods expired. (*See* Doc. #5, *generally*). As such, Mr. Woods' filing of his Motion for Judgment on the Pleadings did not waive his insufficient service of process and lack of personal jurisdiction defenses.

> **3. Because Plaintiff has failed to properly serve Mr. Woods within sixty days of this Court's June 6, 2017, Order, Plaintiff's claims must be dismissed.**

Pursuant to Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). If the court grants additional time for service to be made and the defendant is still not served, dismissal of the action is proper. *See Roller v. Brennan,* No. 2:16-cv-257, 2016 WL 4920901, at *1 (S.D. Ohio Sept. 15, 2016) (dismissing action after plaintiff was granted an

extension to effect service but still failed to effect service upon defendants); *Jordan v. Ohio State University*, No. 2:08-cv-1122, 2010 WL 2760940, at *3 (S.D. Ohio July 13, 2010) (plaintiff's failure to serve defendant within time limit "provided for in Rule 4(m) or the thirty days mandated in the Court's order" required dismissal of action); *Becker v. Wilkinson*, No. 2:05-CV-908, 2007 WL 3094896, at *1 (S.D. Ohio Oct. 19, 2007) (defendant's motion to dismiss granted where plaintiff failed to effect proper service of process after being granted an extension of time to do so). "Plaintiff bears the burden of exercising due diligence in perfecting service of process and in showing that proper service has been made." *Beyoglides v. Montgomery County Sheriff*, 166 F. Supp. 3d 915, 917 (S.D. Ohio 2016) (citing *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996)). Plaintiff fails to make this showing.

Here, Plaintiff's Complaint was filed on March 3, 2017. (*See* Doc. #1, *generally*). On June 1, 2017, approaching the 90 day time limit for service, Plaintiff filed a request for an extension of time to effect service, which this Court granted on June 6, 2017. (*See* Doc. #4, *generally;* Doc. #5, PageID 41). This Court's Order stated, "Plaintiff must effect service over Defendant **WITHIN SIXTY (60) DAYS OF THE DATE OF THIS ORDER.**" (Doc. #5, PageID 41). As of August 5, 2017—the sixty day mark of this Court's June 6, 2017, Order—the record is devoid of any evidence establishing that proper service has been made upon Mr. Woods.[2] (*See* Doc. #5, *generally*). Accordingly, Plaintiff's Complaint must be dismissed for failure to properly serve Mr. Woods.

---

[2] Mr. Woods' "full awareness that he had been sued makes no legal difference to the question whether he was properly served." *King*, 694 F.3d at 655–656 (citing *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991)).

  **4.**  **Because Plaintiff has not perfected service of process, this Court lacks personal jurisdiction over Mr. Woods, and Plaintiff's claims must be dismissed.**

It is well-established that "[i]n the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999); *see also Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); *Mississippi Publishing Corp. v. Murphree*, 326 U.S. 438, 444–445 (1946) ("service of summons is the procedure by which a court . . . asserts jurisdiction over the person of the party served"). "And in the absence of personal jurisdiction, a federal court is 'powerless to proceed to an adjudication.'" *King*, 694 F.3d at 655 (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999)).

Here, because Plaintiff has failed to effect proper service of process, and Mr. Woods has not waived service, this Court lacks personal jurisdiction over Mr. Woods. *See Beyoglides,* 166 F. Supp. 3d at 917 (citing *Friedman,* 929 F.2d at 1156) ("absent either waiver or proper service of process, this Court does not have personal jurisdiction"). Accordingly, Plaintiff's claims against Mr. Woods must be dismissed.

**IV.**  **CONCLUSION**

Because Plaintiff has failed to properly serve Mr. Woods, Plaintiff's claims against Mr. Woods must be dismissed. Similarly, because Plaintiff has failed to properly serve Mr. Woods, this Court lacks personal jurisdiction over Mr. Woods. As such, Mr. Woods is entitled to judgment as a matter of law, and Plaintiff's claims for defamation and false light/invasion of privacy must be dismissed.

                                      Respectfully submitted,

                                      /s/ Patrick Kasson
                                      Patrick Kasson (0055570)
                                      Kari D. Hehmeyer (0096284)
                                      **REMINGER CO., L.P.A.**
                                      200 Civic Center Drive, Suite 800
                                      Columbus, Ohio 43215
                                      Phone: (614) 232-2418
                                      Fax: (614) 232-2410
                                      pkasson@reminger.com
                                      khehmeyer@reminger.com
                                      *Counsel for Defendant James H. Woods*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was served via this Court's ECF System, this 15th day of August, 2017, upon all counsel of record.

                                      /s/ Patrick Kasson
                                      Patrick Kasson (0055570)
                                      Kari D. Hehmeyer (0096284)